UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HARRY CRUZ,

                              **Plaintiff,**

   vs.                                                  9:08-cv-1273
                                                              (MAD/GHL)

**M. STALEY, Correction Sergeant; J. YOUNG;
K.L. SWEET; M. FIRST; and JOHN DOE,
Correction Officer,**

                              **Defendants.**
_____

APPEARANCES:                                    OF COUNSEL:

**OFFICE OF MARK J. GAYLORD**         **MARK J. GAYLORD, ESQ.**
514 State Street
2nd Floor
Schenectady, New York 12305
*Attorneys for Plaintiff*

**OFFICE OF THE NEW YORK**           **ADELE M. TAYLOR-SCOTT, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
*Attorneys for Defendants*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    On November 25, 2008, Plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his rights as secured by the Eighth and Fourteenth Amendments to the United States Constitution.  *See* Dkt. No. 1.  Currently before the Court is Defendants' motion *in limine*.

## II. BACKGROUND

Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), is currently confined at Clinton Correctional Facility ("Clinton C.F."), in Dannemora, New York.  At all times relevant, Plaintiff was an inmate confined at the Coxsackie Correctional Facility ("Coxsackie C.F."), a maximum security prison in Coxsackie, New York.  *See* Dkt. No. 1 at ¶ 4.

In his complaint, Plaintiff alleges that, on November 22, 2007, while at the Coxsackie C.F., he was housed in the infirmary unit in "Primary Care Room HS number two (2)." *See id.* at ¶ 11.  Plaintiff claims that, at approximately 8:00 a.m., he requested to see a mental health counselor because he felt depressed.  *See id.* at ¶ 12.  At this point, Nurse Hanson told Plaintiff that no mental health counselors were available at that time because of the Thanksgiving holiday.  *See id.*

After Nurse Hanson left, Plaintiff claims that he became more depressed, "broke the soap dispenser located near the shower in his room, went inside the bathroom, squatted down, and began scratching himself with a jagged piece of the soap dispenser on his left form [sic] arm and stomach area." *See id.* at ¶ 13.  Thereafter, Plaintiff claims that, at this point, Defendant Sweet opened the bathroom door and ordered Plaintiff to stop.  *See id.* at ¶ 14.  Plaintiff then stood and asked Defendant Sweet if he could see a nurse.  *See id.*  At this point, Plaintiff began to again scratch his left arm, which caused Defendant Sweet to grab Plaintiff's right arm, guide him to the floor, and force him to lay in a prone position with his chest to the floor.  *See id.*  Plaintiff alleges that he did not resist while Defendant Sweet placed him on the floor.  *See id.*

While this transpired, Plaintiff claims that an unidentified officer (Defendant John Doe) arrived to assist Defendant Sweet.  *See id.* at ¶ 15.  While Defendants Sweet and Doe held

Plaintiff on the floor, Defendants First, Staley and Young arrived. *See id.* at ¶ 16. Plaintiff claims that Defendant First then used his boot to press down on the left side of Plaintiff's face and that Defendant Staley gave handcuffs to Defendant Young, who cuffed Plaintiff's hands behind his back. *See id.* At this point, Defendant Sweet informed Defendant Staley that Plaintiff attempted to assault him, which caused Defendant Staley "to stomp on the back of [P]laintiff's upper right shoulder area numerous times while cursing at him and stating that he is not to assault his officers." *See id.* at ¶ 17. Plaintiff claims that none of the other Defendants attempted to intervene despite having the opportunity to do so. *See id.* Further, Plaintiff claims that, while he was still on the floor, Defendant Young took Plaintiff's "right and left pinky fingers (fifth fingers) and bent them back one at a time intentionally causing serious injury to both fingers." *See id.* at ¶ 18.

After the incident, Plaintiff alleges that he was taken to a mental health unit and, several hours later, was taken to the emergency room at Albany Medical Center. *See id.* at ¶ 19.

### III. DISCUSSION

On January 2, 2012, Defendants filed the motion currently pending before the Court. *See* Dkt. No. 30-5. In their motion, Defendants raise the following arguments: (1) Defendants' personnel records or evidence of other excessive force litigation should be excluded pursuant to Rule 404 of the Federal Rules of Evidence; (2) the Court should dismiss Plaintiff's Eighth Amendment excessive force and failure to protect claims pursuant to Rule 50(a) of the Federal Rules of Civil Procedure; and (3) Defendants are entitled to qualified immunity. *See id.* at 5-11.

A.     **Standard of review**

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). A court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. *See Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94-cv-5220, 1998 WL 665138, *3 (S.D.N.Y. Sept. 25, 1998). Courts considering a motion *in limine* may reserve decision until trial so that the motion is placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Alternatively, the court is "free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling" at trial as "the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." *Luce*, 469 U.S. at 41-42.

B.     **Exclusion of Defendants' personnel records pursuant to Rule 404**

Defendants claim that, during discovery, Plaintiff was given access to records pertaining to a criminal domestic violence charge which was later dismissed. *See id.* at 5. Further, Defendants allege that Plaintiff obtained certain records and information relating to other actions and/or judgments against Defendants for the alleged use of excessive force. *See id.* Defendants claim that this evidence has no bearing on motive, opportunity, intent, preparation, knowledge, identity, or absence of mistake or accident; and, therefore, Defendants claim that this evidence is inadmissible pursuant to Rule 404(b). *See id.* Further, Defendants allege that this is extrinsic evidence not allowed pursuant to Rule 608(b). *See id.* at 6.

"To establish that evidence is admissible pursuant to Rule 404(b) of the Federal Rules of Evidence, the court must first determine if the party seeking admission proffers the evidence for a purpose other than to show the character of a person in order to prove that he acted in conformity therewith." *Banushi v. Palmer*, No. 08-CV-2937, 2011 WL 13894, *2 (E.D.N.Y. Jan. 4, 2011) (citing Fed. R. Evid. 404(b); *United States v. Banedotto*, 571 F.2d 1246, 1248 (2d Cir. 1978)). "When the party proffers the evidence to demonstrate a pattern of relevant conduct, the evidence must 'share "unusual characteristics" with the act charged or represented a "unique scheme."'" *Id.* (quoting *Berkovich v. Hicks*, 922 F.2d 1018, 1022 (2d Cir. 1991)) (other quotation and citation omitted). "The proffering party must show more than the '"mere repeated commission of crimes of the same class, such as repeated burglaries or thefts. The [proffered evidence of other misconduct] must be so unusual and distinctive as to be like a signature."'" *Id.* (quotations omitted); *see also United States v. Bendetto*, 571 F.2d 1246, 1249 (2d Cir. 1978) (footnote omitted).

In the present matter, neither party provides the Court with any details regarding the nature or content of the records and information relating to other actions and/or judgments against Defendants for the alleged use of excessive force. In fact, it is unclear whether any other such actions have even been filed against any Defendants. Given this lack of information, the Court cannot conclude whether the proposed evidence establishes a pattern admissible in evidence under an exception to Rule 404(b), let alone that it establishes an "unusual," "unique" or signature-like pattern of conduct. *See Williams v. McCarthy*, No. 05 Civ. 10230, 2007 WL 3125314, *6 (S.D.N.Y. Oct. 25, 2007). As such, the Court reserves judgment as to this part of Defendants' motion.

Regarding the alleged criminal domestic violence charge that was later dismissed, however, the Court finds that this evidence is offered simply to show this particular Defendant's character and, therefore, is inadmissible. The Court is unable to see how this evidence is, in any way, relevant to intent, motive, knowledge, or modus operandi to the conduct at issue in the present matter. *See United States v. Baker*, 432 F.3d 1189, 1207 (11th Cir. 2005). Further, the Court finds that the probative value of this evidence is substantially outweighed by the unfair prejudice it would cause.

Based on the foregoing, the Court grants in part and denies in part Defendants' motion to preclude. Defendants may renew this motion, if necessary, if Plaintiff seeks to admit this evidence at trial.

**C.    Defendants' motion for judgment as a matter of law**

Defendants assert that they are entitled to judgment as a matter of law on Plaintiff's Eighth Amendment claim pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. *See* Dkt. No. 30-5 at 7-9. Defendants claim that the officers used only as much force as was necessary to restrain Plaintiff. *See id.* at 8. Further, Defendants claim that, "[g]iven [P]laintiff's apparent strength in resisting the officers, it took all three officers to bring [P]laintiff down to the floor, which occurred only because [P]laintiff lost his balance. As a result, all three officers also lost their balance, fell down and landed on [P]laintiff's back. Despite this, [P]laintiff would not unclench his fists preventing the officers from disarming him." *See id.* at 8-9.

Defendants' motion for judgment as a matter of law is premature at this time. Although this issue may have been appropriately disposed of in a summary judgment motion, Defendants failed to bring such a motion within the time allowed and the Court declines to treat their motion

6

for judgment as a matter of law as one for summary judgment on the eve of trial. As such, the Court denies Defendants' motion for judgment as a matter of law as premature. *See Pabon v. Recko*, No. 3:00cv380, 2001 WL 36356981, *11 (D. Conn. Apr. 25, 2001) (holding that "[a]ny entry of judgment as a matter of law would be premature; both parties should be given the opportunity to further develop the record at a trial").

**D.     Qualified immunity**

Defendants assert that "the officers responded to the threat [P]laintiff created by mutilating himself and [P]laintiff's continued refusal to obey direct orders to surrender the weapon he had created. There is no way the officers could have or should have known their efforts to ensure to protect plaintiff was unconstitutional." *See* Dkt. No. 30-5 at 11. As such, Defendants claim that they are entitled to qualified immunity. *See id.*

Although the issue of qualified immunity may have been decided in a properly brought motion for summary judgment, Defendants failed to bring such a motion within the time allowed. The conflicting accounts of the incident at issue contained in the parties' pleadings present factual issues making the grant of qualified immunity inappropriate at this time. *See McLaurin v. Falcone*, No. 04-4849-CV, 2007 WL 247728, *1 (2d Cir. Jan. 25, 2007) (citations omitted); *see also Coleman v. City of Niagara Falls*, No. 09CV157S, 2010 WL 2869529, *6 (W.D.N.Y. July 20, 2010) (citations omitted).

As such, the Court denies this part of Defendants' motion.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion *in limine* is **GRANTED in part** and **DENIED in part** as set forth herein; and the Court further

**ORDERS** that the Clerk of the Court shall serve of copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 12, 2012
       Albany, New York

Mae A. D'Agostino
U.S. District Judge